JEFFREY LEE SCOTT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scott v. Commissioner
Docket No. 26596-91
United States Tax Court
T.C. Memo 1993-123; 1993 Tax Ct. Memo LEXIS 125; 65 T.C.M. (CCH) 2205; March 30, 1993, Filed *125 Jeffrey Lee Scott, pro se. For respondent: Joyce Suguwara. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined deficiencies in petitioner's 1987 and 1988 Federal income taxes in the amounts of $ 607 and $ 246, respectively. Respondent also determined additions to tax for 1987 and 1988 under section 6651(a)(1) in the respective amounts of $ 151.75 and $ 100, under section 6653(a)(1)(A) in the respective amounts of $ 30.35 and $ 12.30, and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the entire deficiency for each year. After concessions by petitioner, the issues for decision are: (1) Whether petitioner was required to file an income tax return for 1987 and 1988, and (2) whether *126 petitioner is liable for the additions to tax as determined by respondent. This case was submitted fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided in Santa Monica, California. Petitioner bears the burden of showing that respondent's determinations are erroneous. Rule 142(a); . During 1987 and 1988, petitioner was employed by Westside General Answering Service (Westside) and received wages from Westside in the respective amounts of $ 8,979 and $ 3,870. Federal income tax was not withheld from such amounts. In 1988, petitioner was also employed by Professional Image and received wages in the amount $ 261, from which Federal income tax of $ 13 was withheld. During 1988, petitioner also received unemployment compensation in the amount of $ 2,447. Finally, petitioner received interest in 1987 and 1988 in the respective amounts of $ 1 and $ 11 from a savings account held at Century Federal Savings. Petitioner did not file tax returns for 1987 and 1988. Petitioner contends, in a rambling *127 and somewhat ethereal manner, that he is not subject to the income tax laws because the Constitution is unconstitutional, and moreover, that it no longer exists. Thus, he further contends that as the Constitution is unconstitutional, the imposition of the income tax is unconstitutional. Petitioner opines that, like the light from an extinct star, the Constitution is no longer in existence, or its purposes, as described in the Preamble, are not being pursued. However, petitioner does little more than paraphrase some of the now familiar tax protester arguments, which have been repeatedly rejected by this Court and no purpose would be served to discuss them again. See generally . None of these arguments absolve petitioner from his obligation under the Code. It is clear that petitioner is subject to the income tax laws. Moreover, the constitutionality of the income tax law has long been upheld. . Thus, petitioner was required to file a tax return for 1987 and 1988. [2] Accordingly, we sustain respondent. *128 Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return unless it is shown that such failure was due to reasonable cause and not willful neglect. As petitioner conceded that he did not file a tax return for 1987 and 1988 and has failed to show that reasonable cause existed for his failure to do so, we sustain respondent. Section 6653(a)(1)(A) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes an addition to tax of 50 percent of the interest due on that portion of an underpayment attributable to negligence. Negligence is defined as the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner also has the burden of proof on this issue. . We have held that failure to file a return without reasonable cause is prima facie negligence. , affd. . *129 Accordingly, in view of the fact that petitioner failed to timely file his 1987 and 1988 returns without reasonable cause, it follows that he is liable for the additions to tax for negligence. Section 6673(a) authorizes the Court to require a taxpayer to pay the United States a penalty not exceeding $ 25,000 when, in its judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position in the proceeding is frivolous or groundless. Where a taxpayer has argued the frivolous position of unconstitutionality of the Internal Revenue Code, we have not hesitated to impose an appropriate penalty, whether on respondent's motion or the Court's own motion. Petitioner's contentions in this case are clearly frivolous, but may be the result of a cause other than any "tax protester" movement. Petitioner, unlike other protesters, did cooperate with respondent in the preparation of a stipulation of facts and was responsive to the Court's questions as to his income and expense matters. Accordingly, we decline to impose any section 6673 damages in this matter, but we caution petitioner that we will not be so inclined if the frivolous contentions *130 were to be offered again. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner (as an unmarried person who was not head of household) was required to file a tax return if his gross income exceeded $ 4,900 for 1987 and $ 4,950 for 1988. See secs. 6012(a)(1), 151(d)(1), 63(c)(2)(C). His income exceeded the threshold amount each year, taking into account that unemployment benefits are taxable. Sec. 85.↩